GILBERT BUCY *vs.* JOHN F. DEVITE ET ALS.

Third Judicial District, New Haven, June Term, 1929.

*WHEELER, C. J., MALTBIE, HINMAN AND BANKS, JS.

Argued June 5th—decided July 25th, 1929.

*Harry L. Edlin,* with whom, on the brief, were *William A. Bree* and *William J. Carrig,* for the appellants (defendants Rosalie I. Niper and Louis S. Niper).

*Kenneth Wynne* and *Arthur I. Gorman,* for the appellee (plaintiff).

* By stipulation of counsel this case was heard by four Justices.

PER CURIAM. The trial court found that the defendant Rosalie Niper was operating a Buick car, owned by Louis S. Niper, easterly upon the Milford Turnpike in the town of Orange; the plaintiff was driving a Dodge in the same direction and the defendant DeVite was operating a Ford westerly along the same road, which was thirty-six feet wide. The plaintiff was traveling on his extreme right, the southerly side of the road. DeVite had been driving on his extreme right, the northerly side, until he suddenly discovered a car parked, not over ten feet ahead of him. Thereupon he turned sharply to the left, substantially to the middle line of the highway, then straightened out in a westerly direction. The Niper car was traveling, in the opposite direction, with its left wheels slightly north of the middle line of the turnpike, and the two cars sideswiped each other. As a result of the impact DeVite lost control of his car and it crossed the highway and collided with the plaintiff's automobile. The court further found that there was nothing to have prevented the defendants, had they been duly observant, from traveling in, or turning their cars to, their respective right sides of the highway, and concluded that they were concurrently negligent.

The facts found support the conclusion and resulting judgment, but the appellants seek corrections of the finding, by eliminating facts and substituting others from the draft-finding, especially such as would place the Niper car, at and before the collision, southerly of the center of the highway and so on its own right side, and this car and the DeVite car so near to each other when the latter turned out to pass the parked car, as to give Mrs. Niper no opportunity to so turn to her right as to avoid the collision. We are unable, however, with due regard to the familiar rule

(§ 11, Practice Book, p. 309), to so correct the finding, by striking out facts as found without evidence, and substituting others as admitted or undisputed, as to relieve the appellants from the imputation of concurrent negligence and from liability for the consequences thereof.

There is no error.